**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-10415
(Summary Calendar)

TONY FITZGERALD COLE,

Plaintiff-Appellant,

versus

KENNETH WADLEY, EL AL.,

Defendants,

KENNETH WADLEY,

Defendant-Appellee.

.

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-117-C)

November 6, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tony Fitzgerald Cole, appeals the dismissal of his civil rights complaint pursuant to 28 U.S.C.

§ 1915 (d), now § 1915 (e)(2)(B)(I), and the denial of his motions for a default judgment against

Defendant Wadley and for service of process on him, as well as the denial of his motion for the

appointment of counsel. His claim asserted various violations of 42 U.S.C. § 1983

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

by prison officials of the Texas Department of Corrections, Amarillo, Texas.

Cole's appeal from the denial of his motion for a default judgment is precluded from review by this court under the law of the case doctrine. Cole v. Wadley, et al, No. 96-10315 (5th Cir. June 5, 1996) (unpublished); Chevron U.S.A., Inc. V. Traillour Oil Co., 987 F.2d 1138, 1150 (5th Cir. 1993). The law of the case doctrine generally precludes the reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself on subsequent appeal. Chevron, 987 F.2d at 1150. Cole's argument that the district court erred when it dismissed Defendant Wadley for failure to obtain service of process pertains to a nonfinal order which is not reviewable by this court. See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981). His appeal from that order is DISMISSED.

Cole further appeals the refusal of the district court to appoint counsel for him. However, a civil rights complainant does not have an automatic right to the appointment of counsel. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, absent exceptional circumstances, a trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983. Id. Accordingly, we are satisfied that the district court did not abuse its discretion in failing to appoint counsel. As to the remaining issues Cole raises, we have reviewed the record and Cole's brief and AFFIRM the district court's dismissal for essentially the same reasons adopted by and set forth by the district court. Cole v. Wadley, et al., No. 1:95-CV-117 (N.D. Tex. Dec 28, 1995; April 4, 1996).

DISMISSED in part and AFFIRMED in part.